UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAQUITHIA LANETTE JACKSON,

   Plaintiff,

-vs-

APPFOLIO, INC.,

   Defendant.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SHAQUITHIA LANETTE JACKSON (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, APPFOLIO, INC. (hereinafter "AppFolio"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Consumer reporting agencies that create background reports, like AppFolio, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them

1

to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3. When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION, VENUE, AND PARTIES**

5. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. Venue is proper in this District as Plaintiff is a natural person and resident of Monroe County, Michigan; the violations described in this Complaint occurred in this District; and AppFolio transacts business within this District.

8. Plaintiff is a "consumer" as defined by the FCRA.

9. AppFolio is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Michigan through its registered agent, CSC-Lawyers Incorporating Service, located at 3410 Belle Chase Way, Suite 600, Lansing, Michigan 48911.

10. AppFolio is a "consumer reporting agency" as defined in 15 USC § 1681(f). AppFolio is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. AppFolio disburses such background reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. In or about 2022, Plaintiff resided in an apartment unit at the Arbor One Apartments in Ypsilanti, Michigan.

13. The Arbor One Apartments in Ypsilanti, Michigan are managed by non-party, LR Management Services Corp.

14. On or about May 27, 2022, a Consent Order for Conditional Dismissal was entered in the State of Michigan, Judicial District, case number 22C-0634, which ordered Plaintiff to vacate the subject apartment in which she currently

3

resided at Arbor One Apartments in Ypsilanti, Michigan by June 15, 2022. Per the court order, Plaintiff did not owe any rents and/or fees.

15. Pursuant to the court order, Plaintiff vacated her apartment at Arbor One Apartments on or about June 15, 2022.

16. In or about September 2023, Plaintiff reviewed a copy of her tenant screening report from AppFolio which reported LR Management Services Corp under the section, "Rent Payment History", with an inaccurate outstanding balance of $5,257.

17. Shortly after learning of the inaccurate reporting, on or about September 21, 2023, Plaintiff contacted AppFolio to dispute the erroneous reporting in her tenant screening report. Plaintiff advised AppFolio that she did not owe any outstanding rent to LR Management Services Corp, and that the outstanding balance should be removed from her tenant screening report.

18. On or about September 28, 2023, Plaintiff received dispute results from AppFolio which stated the outstanding rent balance to LR Management Services Corp was verified as accurate.

19. On or about October 3, 2023, Plaintiff received additional dispute results from AppFolio which again stated the outstanding rent balance to LR Management Services Corp was verified as accurate.

20. AppFolio failed to do any independent investigation into Plaintiff's dispute, and never attempted to contact Plaintiff during the alleged investigation.

21. On or about March 22, 2024, Plaintiff submitted an application to lease a two-bedroom apartment with non-party, Renaissance Apartments, in Jackson, Michigan.

22. Upon information and belief, Renaissance Apartments hired AppFolio to prepare a tenant screening report on Plaintiff to determine her eligibility to lease a two-bedroom apartment.

23. Upon review of the tenant screening report prepared by AppFolio, Renaissance Apartments denied Plaintiff the opportunity to lease a property.

24. Renaissance Apartments denied Plaintiff the opportunity to lease a two-bedroom apartment from it because the tenant screening report prepared by AppFolio contained the aforementioned false and inaccurate Rent Payment History about Plaintiff.

25. Due to the continued inaccurate reporting, on or about July 24, 2024, Plaintiff mailed a detailed written dispute letter to AppFolio. Plaintiff advised that the Rent Payment History was inaccurate and that she did not owe any outstanding balance to LR Management Services Corp. Plaintiff included in the letter her personal identifying information including her address, Social Security Number, and

date of birth, and an image of her driver's license. In the letter, Plaintiff included images of the erroneous reporting and images of the Consent Order.

26. As of the filing of this Complaint, Plaintiff has not received dispute results from Appfolio.

27. Despite Plaintiff's best efforts to have the erroneous reporting corrected, AppFolio continues to inaccurately report the Rent Payment History in Plaintiff's tenant screening report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

28. Plaintiff continues to suffer as of the filing of this Complaint with AppFolio's reluctance to conduct a thorough investigation into her disputes or otherwise make her background report accurate.

29. As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix her background file. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii. Loss of time attempting to cure the errors;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

life; Plaintiff is being physically affected by AppFolio's reluctance to fix the errors;

iv. Apprehensiveness to apply for housing due to AppFolio's errors; and

v. Defamation as AppFolio published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, AppFolio, Inc. (Negligent)

30. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

31. AppFolio violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and background files it published and maintains concerning Plaintiff.

32. AppFolio allowed inaccurate information to be reported on Plaintiff's background file.

33. AppFolio prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

7

34. As a direct result of this conduct, action and/or inaction of AppFolio, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

35. The conduct, action, and/or inaction of AppFolio was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

36. Plaintiff is entitled to recover costs and attorney's fees from AppFolio in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHAQUITHIA LANETTE JACKSON, respectfully requests that this Court award actual damages against Defendant, APPFOLIO, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, AppFolio, Inc. (Willful)

37. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

38. AppFolio violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and background files it published and maintains concerning Plaintiff.

39. AppFolio allowed inaccurate information to be reported on Plaintiff's background file.

40. AppFolio prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

41. As a direct result of this conduct, action and/or inaction of AppFolio, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

42. The conduct, action, and/or inaction of AppFolio was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

43. Plaintiff is entitled to recover costs and attorney's fees from AppFolio in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHAQUITHIA LANETTE JACKSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, APPFOLIO, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, AppFolio, Inc. (Negligent)

44. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

45. After receiving Plaintiff's disputes, AppFolio violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's background file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's background file, and (4) relying upon verification from a source it has to know is unreliable.

46. Despite the information provided by Plaintiff regarding the inaccurate reporting, AppFolio refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

47. As a direct result of this conduct, action and/or inaction of AppFolio, Plaintiff suffered damages, including without limitation, denials for housing; loss of

time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

48. The conduct, action, and/or inaction of AppFolio was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

49. Plaintiff is entitled to recover costs and attorney's fees from AppFolio in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHAQUITHIA LANETTE JACKSON, respectfully requests that this Court award actual damages against Defendant, APPFOLIO, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, AppFolio, Inc. (Willful)

50. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

51. After receiving Plaintiff's disputes, AppFolio violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's background file after receiving notice of such inaccuracies; (2) failing to conduct a lawful

11

reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's background file, and (4) relying upon verification from a source it has to know is unreliable.

52. Despite the information provided by Plaintiff regarding the inaccurate reporting, AppFolio refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

53. As a direct result of this conduct, action and/or inaction of AppFolio, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

54. The conduct, action, and/or inaction of AppFolio was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

55. Plaintiff is entitled to recover costs and attorney's fees from AppFolio in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHAQUITHIA LANETTE JACKSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, APPFOLIO, INC., jointly and severally; award Plaintiff

her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHAQUITHIA LANETTE JACKSON, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, APPFOLIO, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of July 2024.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*